IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SARA ELIZABETH SIEGLER,

      Plaintiff,

    vs.                               Civil Action 2:12-cv-472
                                       Judge Marbley
                                       Magistrate Judge King

CITY OF COLUMBUS, *et al.*,

      Defendants.


<u>REPORT AND RECOMMENDATION</u>

Plaintiff, who is proceeding without the assistance of counsel, seeks to bring this action without prepayment of fees or costs under 28 U.S.C. § 1915(a). Plaintiff's motion to seal her application for leave to proceed *in forma pauperis*, as well as attached Exhibits 1 and 2, is **GRANTED**. The Clerk is **DIRECTED** to seal Doc. No. 1 and attached Exhibits 1 and 2.

In her application for leave to proceed *in forma pauperis*, Doc. No. 1, plaintiff represents that "all of [her] expenses are paid for by Glenn D. Siegler." However, plaintiff does not "state the amount that [she] received" as required by the Court's form. It also appears that plaintiff may be the beneficiary of a trust, but it is unclear whether or to what extent plaintiff may have received a distribution from the trust. Under these circumstances, plaintiff has not established that she is financially unable to bear the costs of initiating this action. It is therefore recommended that plaintiff's application for leave to proceed *in forma pauperis* be denied but that plaintiff be given the opportunity to supplement her application with the required information.

However, it is also recommended that the claims asserted against

certain defendants be dismissed for failure to state a claim upon which relief can be granted.

The tendered *Complaint,* attached to Doc. No. 1, seeks declaratory, injunctive and monetary relief in connection with the alleged wrongful denial of plaintiff's application for housing provided by the Columbus Metropolitan Housing Authority ["CMHA"]. Named as defendants are the City of Columbus, the CMHA, its attorney, the Mayor of Columbus, the Governor of the State of Ohio and a former co-worker of plaintiff and her husband. Plaintiff invokes the Court's jurisdiction as a case arising under federal law with supplemental state law claims.[1]

In a rambling 53-page pleading, plaintiff alleges that all defendants but the former co-worker and her husband denied plaintiff subsidized CMHA housing to which she was entitled and conspired to commit housing discrimination, that all defendants engaged in intentional and negligent infliction of emotional distress, and that the former co-worker and her husband committed "improper enjoyment of benefits (including government subsidized public housing and utility bill payment)," *Complaint*, p. 41, and improperly received representation by the Ohio Attorney General when plaintiff sued the former co-worker in a separate action filed by her. *See Siegler v. The Ohio State University, et al.*, 2:11-cv-170 (S.D. Ohio).[2]

The *Complaint* fails to state a colorable claim for relief against

---

[1] Plaintiff, a resident of Ohio, also invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, but the Court manifestly lacks diversity jurisdiction because at least some of the defendants are also identified as residents of Ohio.

[2] The claims asserted by plaintiff against the former co-worker were dismissed for failure to state a claim upon which relief can be granted. *Judgment*, 2:11-cv-170. That judgment is now the subject of plaintiff's appeal.

plaintiff's former co-worker and her husband.  The *Complaint* does not allege that these defendants denied plaintiff any right to which plaintiff is entitled.  The mere fact that plaintiff believes that they received benefits to which they were not entitled is simply insufficient.

The *Complaint* also fails to state a claim against the City of Columbus, its Mayor or the Governor of the State of Ohio.  The *Complaint* contains no facts in support of any claim against the City or its Mayor. Plaintiff alleges that she sent letters and emails to the Governor in connection with her housing complaints. *See, e.g., Complaint*, pp 20, 21, 27, 33, 34.  Plaintiff specifically "sought reimbursement for the monies her parents spent on her housing." *Id*. at 38. She complains that she received no response from the Governor "who serves as the Chief Executive Officer of the [S]tate of Ohio." *Id*. However, it does not appear that the Governor is a proper defendant under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.  Moreover, liability of a government official under 42 U.S.C. § 1983 must be based on "active unconstitutional behavior" and not on a mere failure to act.  *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Finally, state law claims against a state official cannot proceed in this Court unless and until the Ohio Court of Claims has determined that the state official is not entitled to civil immunity under O.R.C. § 9.86. *See* O.R.C. § 2743.02(F); *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989)(state employees enjoy immunity from suit in a claim under Ohio law); *Johns v. University of Cincinnati Med. Assocs.,* 804 N.E.2d 19, 24 (Ohio 2004).

Finally, the *Complaint* fails to state a colorable claim against defendant John Waddy, who is identified as counsel for defendant CMHA.

First, a private attorney does not act under color of state law for purposes of 42 U.S.C. § 1983. *Polk county v. Dodson*, 454 U.S. 312 (1981). As with the defendant Governor, moreover, plaintiff alleges merely that she sent correspondence to this defendant but that she received no response from him. The Court can perceive no cause of action against defendant Waddy arising from these facts.

It is therefore **RECOMMENDED** that plaintiff's application for leave to proceed *in forma pauperis* be denied, without prejudice to the submission of an application that provides the information requested by the form application. It is also **RECOMMENDED** that defendants Sarah Marie Nelson, Jason Brad Nelson, the City of Columbus, Mayor Michael Coleman, Governor John Kasich and John Waddy, Esq., be **DISMISSED** from the action but that the claims against defendant Columbus Metropolitan Housing Authority be permitted to proceed upon either the payment of the full filing fee or the submission of a proper application for leave to proceed *in forma pauperis*.

Plaintiff's motion to seal her application for leave to proceed *in forma pauperis*, as well as attached Exhibits 1 and 2, is **GRANTED**. The Clerk is **DIRECTED** to seal Doc. No. 1 and attached Exhibits 1 and 2.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

4

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>s/Norah McCann King</u>
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

October 9, 2012
Date