IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**SARA ELIZABETH SIEGLER,**

    **Plaintiff,**

    vs.                                     **Civil Action 12-cv-472**
                                          **Judge Marbley**
                                          **Magistrate Judge King**

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**


## OPINION AND ORDER

Plaintiff sought to initiate this action without prepayment of fees or costs. Plaintiff's application for leave to proceed *in forma pauperis*, Doc. No. 1, indicates that "all of [plaintiff's] expenses are paid for by Glenn D. Siegler." However, the application does not specify the amounts received by plaintiff as required by the Court's form. On October 9, 2012, the Magistrate Judge issued a *Report and Recommendation*, Doc. No. 4, recommending that plaintiff's application for leave to proceed *in forma pauperis* be denied without prejudice to supplementation. Specifically, the Magistrate Judge concluded that plaintiff had not established that she is financially unable to bear the costs of initiating this action because she did not clearly state the amount she received from Glenn D. Siegler and because it was unclear whether or to what extent plaintiff may have received a distribution from a trust. *Report and Recommendation*, p. 1. The Magistrate Judge also recommended that the claims against all defendants except defendant Columbus Metropolitan Housing Authority ["CMHA"] be dismissed for failure to state a claim upon which relief

can be granted.  *Id*. at 2-4.  Plaintiff has filed timely objections. *Pro Se Appellant's Objections to the Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 5.  For the reasons that follow, *Plaintiff's Objections* are **OVERRULED**.

Plaintiff asserts a number of assignments of error on the part of the Magistrate Judge.  Each will be discussed in turn.

Plaintiff's first assignment of error contends that the Magistrate Judge erred in recommending the denial of plaintiff's application for leave to proceed *in forma pauperis* because "this Court previously granted Siegler leave to proceed [*in forma pauperis*] for case 2:11-cv-170 (*Siegler v. The Ohio State University, et al.*)." *Plaintiff's Objections*, p. 3.  Plaintiff argues that her "financial status has not changed in terms of accessible monies" since she was granted leave to proceed *in forma pauperis* in 2011.  *Id*. at p. 10. Plaintiff has also submitted a copy of her 2011 Form 1040, which reflects an adjusted gross income in excess of $75,000.  Under these circumstances, plaintiff has not established that she is financially unable to bear the costs of initiating this action.  Plaintiff's first assignment of error is therefore without merit.

Plaintiff's second assignment of error relates to the observation by the Magistrate Judge that plaintiff "invokes the Court's jurisdiction as a case arising under federal law with supplemental state law claims." *Report and Recommendation*, p. 2.  Plaintiff contends that the Magistrate Judge erred in "not acknowledging that Siegler invoked several statutes (Article III § 2 of the Constitution, 28 U.S.C. § 1332(a) and (a)(1), 28 U.S.C. § 1367 and 28 U.S.C. 1391(a)(1) and (2)) in her complaint with regard to th[e] jurisdiction and venue of this Court." *Plaintiff's Objections*, p. 3.

2

Specifically, plaintiff argues that "the Court erred in not classifying this case as one arising under Constitutional and federal laws with supplemental state law claims." *Id*. at p. 14. Plaintiff's objection is frivolous. This claims asserted by plaintiff vest this Court with federal question jurisdiction under 28 U.S.C. § 1331 and with supplemental jurisdiction under 28 U.S.C. § 1367. To the extent that plaintiff intends to reassert her invocation of diversity jurisdiction, 28 U.S.C. § 1332, the Court lacks diversity jurisdiction because, as the Magistrate Judge noted, *Report and Recommendation*, p. 2 n.1, plaintiff and at least one defendant are residents of Ohio.

Plaintiff's third assignment of error contends that the Magistrate Judge erred in "stating that Siegler failed to articulate claims upon which relief may be granted by this Court against the defendants in addition to colorable claims for relief against Sarah Marie Nelson, Jason Brad Nelson and John Waddy in the complaint." *Plaintiff's Objections*, p. 3. Plaintiff argues that defendants Sarah Nelson and Jason Nelson received representation by the Ohio Attorney General's office in violation of O.R.C. § 109.361 and that they committed fraud under 18 U.S.C. § 1001. *Plaintiff's Objections*, pp. 19-20. Plaintiff has not alleged that defendants Sarah Nelson or Jason Nelson denied plaintiff any right to which she is entitled. Moreover, plaintiff has no standing to enforce 18 U.S.C. § 1001, which is a criminal statute. *See Am. Postal Workers Union v. Indep. Postal System of Am.*, 481 F.2d 90 (6th Cir. 1973). Plaintiff has therefore failed to state a colorable claim against defendants Sarah and Brad Nelson.

As to plaintiff's claims against Columbus Mayor Coleman, Attorney John Waddy, and Ohio Governor Kasich, plaintiff argues that they

3

"fail[ed] or refus[ed] to take affirmative steps in order to prevent future instances of discriminatory housing practices as well as to eliminate unlawful practices by the defendants, their agents, their employees and/or their successors." *Plaintiff's Objections*, p. 17. First, defendant Waddy, as counsel for defendant Columbus Metropolitan Housing Authority ("CMHA"), does not act under color of state law for purposes of 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981). Further, plaintiff's allegation that she sent correspondence to defendant Waddy but did not receive a response, *see Complaint*, pp. 20-22, is simply insufficient to state any claim against him. Plaintiff's similar allegations against Governor Kasich, *see id*. at pp. 20-21, 27, 33-34, are similarly insufficient to state a claim against the Governor. These allegations are not based on "active unconstitutional behavior," as required for liability of a government official under 42 U.S.C. § 1983. *See Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Moreover, the Governor of the State of Ohio is not a proper defendant under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. In addition, plaintiff's state law claims against this state official cannot proceed in this Court unless and until the Ohio Court of Claims has determined that the state official is not entitled to civil immunity under O.R.C. § 9.86. *See* O.R.C. § 2743.02(F). As to defendant Mayor Coleman, plaintiff alleges no facts whatsoever in support of her claims against him. Plaintiff has therefore failed to state a colorable claim against defendants Mayor John Waddy, Governor John Kasich and Mayor Coleman.

As to plaintiff's claims against the City of Columbus, plaintiff argues that it

> may be held liable under 42 U.S.C. § 1983 for failing to enforce local policy that requires public housing recipients, such as Sarah Nelson and Jason Nelson, to perform community service. Moreover, the City of Columbus should be held liable under 42 U.S.C. § 1983 for CMHA's failing to interview Siegler after she submitted her public housing application via facsimile as is local policy/custom.

*Plaintiff's Objections*, p. 17. Although the *Report and Recommendation* does not address plaintiff's claims against the City of Columbus, this Court concludes that plaintiff has failed to state a colorable claim against the City. First, the *Complaint* contains no facts in support of any claim against the City of Columbus. To the extent that plaintiff's claims against the City of Columbus are based on a theory of *respondeat superior* for CMHA's actions, liability for constitutional violations does not attach vicariously to municipal or county entities. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988). To the extent that plaintiff's claims against the City of Columbus are based on a policy, custom, or conspiracy, *see Complaint*, p. 40, the *Complaint* contains no factual allegations in support of the conclusory allegations of liability. Plaintiff has therefore failed to state a colorable claim against the City of Columbus.

Plaintiff also contends that the Magistrate Judge erred in "stating a fourteen day deadline . . . for Siegler to file her response to the *Report and Recommendation*, . . . as the rules provide for ten days for Siegler's objections to be filed." *Plaintiff's Objections*, p. 3. Federal Rule of Civil Procedure 72 provides that "[w]ithin 14 days after being served with a copy" of a report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R.

Civ. P. 72(b). Plaintiff's objection in this regard is wholly frivolous.

Plaintiff also contends that the Magistrate Judge erred in "not properly serving the *Report and Recommendation* upon the defendants as well as upon Siegler before filing" under Fed. R. Civ. P. 5(d). *Plaintiff's Objections*, p. 3. Plaintiff is, to date, the only party properly before the Court and it is clear that a copy of the *Report and Recommendation* was provided to her. Plaintiff's assignment of error in this regard is therefore without merit.

Plaintiff next contends that the Magistrate Judge "did not have authority to grant and/or deny the seal motion and supporting memorandum, or Document 3, as she did within the *Report and Recommendation*." *Plaintiff's Objections*, p. 3. The Magistrate Judge granted plaintiff's *Motion to Seal for Privacy Protection*, Doc. No. 3, in which plaintiff sought to seal her application for leave to proceed *in forma pauperis* and two attachments. *Report and Recommendation*, p. 1. Plaintiff's *Motion to Seal for Privacy Protection* is a non-dispositive matter that the Magistrate Judge has authority to consider. *See* Eastern Division Order 91-3(I)(D). Plaintiff's assignment of error in this regard is therefore without merit.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a careful *de novo* review of the *Report and Recommendation* and of *Plaintiff's Objections*. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Plaintiff's Objections*, Doc. No. 5, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 4, is **MODIFIED** to include the dismissal of

the claims against defendant City of Columbus. In all other respects, the *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

The claims against defendants City of Columbus, Mayor Michael Coleman, John Waddy, Ohio Governor John Kasich, Jason Brad Nelson and Sarah Marie Nelson are **DISMISSED** for failure to state a claim upon which relief may be granted.

If plaintiff intends to pursue this action, she is **DIRECTED** to pay the full $350.00 filing fee within thirty (30) days. Plaintiff is **ADVISED** that her failure to do so will result in the dismissal of the action for failure to prosecute.

s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge