IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SARA ELIZABETH SIEGLER,

        Plaintiff,

   vs.                             Case No. 2:12-cv-472
                                      Judge Marbley
                                      Magistrate Judge King

CITY OF COLUMBUS, *et al.*,

        Defendants.


<u>OPINION AND ORDER</u>

This matter is before the Court for consideration of plaintiff's *Motion for a Change of Venue* ("*Plaintiff's Motion to Transfer*"), Doc. No. 31, defendant Columbus Metropolitan Housing Authority's ("CMHA") response, Doc. No. 32, and plaintiff's reply, Doc. No. 35. Also before the Court is plaintiff's *Motion for Leave to File an Amended Complaint* ("*Plaintiff's Motion to Amend*"), Doc. No. 34. Defendant CMHA has not filed a response to *Plaintiff's Motion to Amend*. For the reasons that follow, *Plaintiff's Motion to Transfer* is **DENIED**. *Plaintiff's Motion to Amend* is **GRANTED in part** and **DENIED in part**.

I.   **Background**

Plaintiff filed this action against the City of Columbus, the CMHA, its attorney, the Mayor of Columbus, the Governor of the State of Ohio, and a former co-worker of plaintiff and the co-worker's husband. The *Complaint*, Doc. No. 1-3, seeks declaratory, injunctive, and monetary relief in connection with the alleged wrongful denial of plaintiff's application for housing provided by the CMHA.

Specifically, the *Complaint* alleges that all defendants but the former co-worker and husband denied plaintiff subsidized CMHA housing to which she was entitled and conspired to commit housing discrimination, that all defendants engaged in intentional and negligent infliction of emotional distress, and that the former co-worker and husband realized "improper enjoyment of benefits (including government subsidized public housing and utility bill payment)," *id.* at p. 41, and improperly received representation by the Ohio Attorney General when plaintiff sued the former co-worker in a separate action filed by plaintiff against that former co-worker. *See Siegler v. The Ohio State University, et al.*, 2:11-cv-170 (S.D. Ohio). The Court previously dismissed all of plaintiff's claims, except those against defendant CMHA, for failure to state a claim upon which relief may be granted. *Opinion and Order*, Doc. No. 7.

## II. Discussion

### A. Venue

*Plaintiff's Motion to Transfer* seeks to transfer this action to the United States District Court for the Northern District of Ohio. Plaintiff argues that transfer is necessary because she now resides in the Northern District of Ohio and she will be "inconvenienced and suffer[] financial injury" if she is required to continue to litigate this action in the Southern District of Ohio. *See Plaintiff's Motion to Transfer*, p. 3.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

2

might have been brought." 28 U.S.C. § 1404(a). Courts interpreting § 1404(a) must engage in a two-step analysis and determine: (1) whether the action might have been brought in the proposed transferee court; and (2) whether, considering all relevant factors, the balance of convenience and the interest of justice "strongly" favor transfer. *Kay v. Nat'l City Mortg. Co.*, 494 F.Supp.2d 845, 849-50 (S.D. Ohio 2007). Ultimately, the decision whether to transfer venue is committed to the sound discretion of the trial court. *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1318 (S.D. Ohio 1991).

"An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F.Supp.2d 286, 291 (S.D. Ohio 2000) (citations and punctuation omitted). Under 28 U.S.C. § 1391(b), venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In the case presently before the Court, the *Complaint* does not allege - and plaintiff does not contend - that any defendant resides in the Northern District of Ohio or that a substantial portion of the

3

events or omissions giving rise to plaintiff's claims occurred in the Northern District of Ohio. *See e.g.*, *Complaint*, p. 2. Accordingly, plaintiff could not have brought this action in the Northern District of Ohio because venue would be improper in that district. Furthermore, upon considering both the private and public interest factors, particularly the convenience of the parties and witnesses and plaintiff's original choice to litigate in this forum, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)), the Court concludes that the balance of convenience and the interest of justice do not favor transfer.

*Plaintiff's Motion to Transfer* is therefore **DENIED**.

**B.  Motion to Amend**

*Plaintiff's Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure

4

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and leave to amend a complaint would be futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

In the case presently before the Court, plaintiff's *Proposed Amended Complaint*, Doc. No. 34-1, names as defendants the CMHA, National Church Residences, the City of Columbus, and the Mayor of Columbus. Defendant CMHA has not filed a response to *Plaintiff's Motion to Amend*. *Plaintiff's Motion to Amend* is therefore **GRANTED** as to defendant CMHA. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, as to the remaining proposed defendants named in the *Proposed Amended Complaint*, *Plaintiff's Motion to Amend* is **DENIED** as futile because the *Proposed Amended Complaint* fails to state a claim against those proposed defendants upon which relief can be granted. Significantly, the *Proposed Amended Complaint* contains no facts in support of any claim against the City or its Mayor. The *Proposed Amended Complaint* also fails to allege that National Church Residences took any action in this matter related to plaintiff. The *Proposed Amended Complaint* does allege that plaintiff's former co-worker and husband are former tenants of National Church Residences and that National Church Residences refused to comply with a public records request sent by plaintiff. *Proposed Amended Complaint*, pp. 6-7, 9-11, 18. However, as a private "501(C)(3) corporation," *see id.* at p. 3, National Church Residences is not subject to public records requests, *see* 5 U.S.C. § 552 (Freedom of Information Act); O.R.C. § 149.43, *et. seq.*, (Ohio Public Records Act), and the allegations related to plaintiff's former co-worker and husband are simply insufficient to state a cause of action. Accordingly, the *Proposed Amended Complaint* fails to state a colorable claim against National Church Residences, the City of

6

Columbus, and the Mayor of Columbus; to grant leave to amend the complaint to assert claims against these defendants would be futile.

**WHEREFORE**, based on the foregoing, *Plaintiff's Motion to Transfer*, Doc. No. 31, is **DENIED**.

*Plaintiff's Motion to Amend*, Doc. No. 34, is **GRANTED in part** and **DENIED in part**.  As to defendant CMHA, *Plaintiff's Motion to Amend* is **GRANTED**.  As to all other defendants, *Plaintiff's Motion to Amend* is **DENIED**.  The Clerk is **DIRECTED** to file the tendered *Amended Complaint*, which is attached to *Plaintiff's Motion to Amend*, Doc. No. 34.


August 9, 2013                              *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge