IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARA ELIZABETH SIEGLER, | : | |
| | : | Case No. 2:12-CV-00472 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| CITY OF COLUMBUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Partial Reconsideration (Doc. 41) of the Magistrate Judge's Opinion and Order (Doc. 38). Plaintiff argues that her motion to transfer venue should have been granted, because she is inconvenienced by the present action in this Court. (Doc. 41 at 3). Plaintiff also asserts that her motion to amend her complaint should have been granted in regard to National Church Residences, the City of Columbus, and the Mayor of Columbus because she set forth claims upon which relief can be granted. (*Id.* at 5-9). For the reasons stated herein, Plaintiff's Motion for Partial Reconsideration is hereby **DENIED.**

## I. BACKGROUND

Plaintiff originally filed her Complaint against the City of Columbus, the Columbus Metropolitan Housing Authority (CMHA), CMHA's attorney, the Mayor of Columbus, the Governor of the State of Ohio, and a former co-worker and the co-worker's husband. (Doc. No. 1-3). On November 27, 2012, this Court dismissed all of Plaintiff's claims, except those against CMHA, for failure to state a claim upon which relief may be granted. (Doc. 7). Almost seven months later, Plaintiff filed a Motion to Amend her Complaint with her attached Proposed Amended Complaint, naming the City of Columbus, CMHA, National Church Residences ("NCR"), and the Mayor of Columbus as Defendants. (Doc. 34-1). Plaintiff also moved for a

change in venue to the United States District Court for the Northern District of Ohio. (Doc. 31). On August 9, 2013, the Magistrate Judge denied Plaintiff's Motion to Transfer. (Doc. 38 at 1). The Magistrate Judge granted Plaintiff's Motion to Amend as to CMHA, but denied the Motion as futile with regard to all other potential Defendants. (*Id.* at 6).

On August 28, 2013, Plaintiff filed a Motion for Partial Reconsideration. (Doc. 41). Plaintiff contests Magistrate King's decision to deny Plaintiff's Motion to Transfer, and Plaintiff's Motion to Amend as to Defendants NCR, the City of Columbus, and the Mayor of Columbus. (*Id.* at 3).

## II. STANDARD OF REVIEW

A magistrate judge's decision on a non-dispositive matter will be reversed if it is "clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quotation omitted). A decision is "clearly erroneous" only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Heights Community Congress v. Hilltop v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Under the clearly erroneous standard, a reviewing court "should not ask whether the [magistrate judge's decision] is the best or only conclusion that can be drawn"; nor does this standard "permit the reviewing court to substitute its own conclusion for that of the magistrate judge." *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp.2d 835, 839 (W.D. Tenn. 1999).

With respect to a Magistrate Judge's legal conclusions, "this Court must exercise its independent judgment," and it may "overturn any conclusions which contradict or ignore applicable precepts of law." *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (quotation omitted).

A motion to transfer venue is a non-dispositive motion and is subject to the "clearly erroneous and contrary to law" standard. *City of Columbus v. Hotels.com, L.P.*, No. 2:06-CV-677, 2007 WL 2029036, at *3 (S.D. Ohio July 10, 2007); *Heard v. Caruso*, No. 2:05-cv-231, 2010 WL 1856477, at *2 (W.D. Mich. May 10, 2010). Similarly, district courts apply the "clearly erroneous and contrary to law" standard when a magistrate judge denies a plaintiff's motion to amend by adding new defendants because of futility. *See Valentine v. Sindel*, No. 3:10-CV-1022, 2011 WL 1884333, at *1 (M.D. Tenn. May 18, 2011); *Hardy v. Vieta*, No. 02-40255, 2008 WL 3020879, at *1 (E.D. Mich. July 30, 2008).

### III.  LAW & ANALYSIS
#### A.  Venue

Pursuant to Fed. R. Civ. P. 72, Plaintiff moves this Court to reconsider her Motion to Transfer. (Doc. 41 at 4). Plaintiff asserts that this Court should transfer the present action to the United States District Court for the Northern District of Ohio because it would be more convenient for Plaintiff, as well as in Plaintiff's best financial interest. (*Id.* at 3). Moreover, Plaintiff contends that this Court's transfer would not inconvenience Defendants since they participate in electronic filing, while Plaintiff incurs shipping charges every time she files a document with the Court. (*Id.*). Plaintiff argues that the balance of convenience and the interest of justice favor transfer. (*Id.* at 4).

CMHA responds that Plaintiff has not presented this Court with any new arguments for a change in venue that were not presented in Plaintiff's Motion to Transfer. (Doc. 46 at 3).

The Magistrate Judge's decision to deny Plaintiff's Motion to Transfer Venue is not "contrary to law." Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district . . . where it may have been brought." The threshold question under 28 U.S.C. § 1404(a)

3

is "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp.2d 845, 849 (S.D. Ohio 2007). An action might have been brought in a transferee court if "the court has jurisdiction over the subject matter of the jurisdiction . . . [v]enue is proper there, and . . . [t]he defendant is amendable to process issuing out of transferee court." *Sky Techs. Partners, LLC. v. Midwest Research Institute*, 125 F. Supp.2d 286, 291 (S.D. Ohio 2000). Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides . . . [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

The Magistrate Judge's denial of Plaintiff's Motion to Transfer Venue is not clearly erroneous. Magistrate King concluded that Plaintiff could not have initially brought this action in the Northern District of Ohio because Plaintiff does not contend that any Defendant resides in the Northern District of Ohio, or that a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Ohio. (Doc. 38 at 3-4). Plaintiff's Motion for Partial Reconsideration does not contest these findings. There is no basis to conclude that this finding was clearly erroneous.

### B. Motion to Amend

Plaintiff does not object to Magistrate King's decision to grant Plaintiff's Motion to Amend as to Defendant CMHA. (Doc. 41 at 4). But with regard to the other proposed Defendants, Plaintiff argues that her *pro se* Amended Complaint should be held to a less stringent standard than formal pleadings. As to NCR, Plaintiff claims that she was not given an equal opportunity to gain the same housing benefit as her co-workers. (*Id.* at 5-6). Moreover, Plaintiff asserts that NCR failed to comply with public records requests under the Freedom of Information Act ("FOIA") and the Ohio Public Records Act. (*Id.* at 6). Lastly, Plaintiff states

4

that the City of Columbus and Mayor Michael Coleman should be held liable under 42 U.S.C. § 1983 for their failure to enforce Housing and Urban Development policies. (*Id.* at 9).

Plaintiff is correct that a *pro se* complaint is held to less stringent standards, and will be liberally construed in determining whether Plaintiff fails to state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even taking this reduced standard into account, however, the Magistrate Judge's decision was not clearly erroneous or contrary to law. In regards to NCR, the Magistrate Judge held that Plaintiff's Proposed Amended Complaint failed to allege facts that NCR took any action in this matter related to Plaintiff. (Doc. 38 at 6). Plaintiff does not refute this reasoning in her Motion for Partial Reconsideration. A review of the Proposed Amended Complaint confirms the Magistrate Judge's conclusion, since Plaintiff fails to state any facts that NCR discriminated against Plaintiff. Consequently, granting leave to amend the complaint would be futile if Plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

The Magistrate Judge also held that Plaintiff failed to state a claim against NCR on account of its failure to comply with Plaintiff's public records request, because NCR is a private 501(c)(3) corporation. (Doc. 38 at 6).[1] Other than the fact that NCR receives federal funding, Plaintiff provides nothing to show substantial government control over NCR, that NCR has

---

[1] In order to determine whether a private corporation is subject to a public records request under FOIA, the courts consider the following factors: "whether the entity provides a government function; whether there is substantial government control over the entity's day to day operations; whether the entity has the authority to make and implement decisions on behalf of the government; whether the entity's employees are in reality federal employees; the government's financial involvement with the entity; and whether the entity is federally chartered." *Rutland v. Santander Consumer USA, Inc.*, No. 11-15250, 2012 WL 3060949, at *3 (S.D. Ohio July 26, 2012). The Supreme Court of Ohio has adopted a similar test to determine whether a private entity is subject to Ohio's Public Records Act, O.R.C. 149.43. *State ex rel. Oriana House, Inc. v. Montgomery*, 854 N.E.2d 193, 199-200 (Ohio 2006). (holding that this analysis "begins with the presumption that private entities are not subject to the Public Records Act absent a showing by clear and convincing evidence.").

authority to make decisions on behalf of the government, or that the NCR is federally chartered. As such, the Magistrate Judge's decision is neither clearly erroneous, nor contrary to law.

Finally, the Magistrate Judge held that Plaintiff's Proposed Amended Complaint failed to contain facts in support of any claim against the City of Columbus or Mayor Michael Coleman. (Doc. 38 at 6).  A review of the Proposed Amended Complaint confirms the Magistrate Judge's decision.  Plaintiff pleads a claim under 42 U.S.C. § 1983, without providing any facts in support.  (Doc. 34-1 at 13).  The Magistrate Judge's decision is not clearly erroneous or contrary to law, since "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Reconsideration (Doc. 41) is hereby **DENIED.**

**IT IS SO ORDERED.**

                                     s/ Algenon L. Marbley
                                 **ALGENON L. MARBLEY**
                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  March 19, 2014.**